UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:04CV-646-H

EARL DAVIS COLLINS                                                              PLAINTIFF

V.

BETTY WHITT, et al.                                                             DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Earl Davis Collins ("Collins") has moved for summary judgment as against Defendants, Joe Houchin ("Houchin") and Carl Roof ("Roof") ("Defendants"). Defendants have not responded to the motion. Moreover, the Court has reviewed the motion and agrees with it. Plaintiff is entitled to the relief requested.

I.

Collins is the creator of the poem titled "Gods Choice" (the "Work") and is the owner of all copyrights related to the Work. Collins became aware that Defendants were reproducing and/or copying and selling the Work. He warned Defendants to cease their unauthorized activity. Defendants disregarded the warning and Collins' exclusive rights in the Work. Despite knowing that the Work was copyrighted, Defendants apparently continued to reproduce and sell the Work for their own monetary gain.

As a consequence, Plaintiff filed this action. On September 15, 2005 and October 20, 2005, Collins served upon Defendants interrogatories and requests for production of documents. At that time, Defendants were represented by counsel. That counsel sought multiple extensions

of time to respond.  Thereafter, counsel for Collins was notified of Defendants' counsel's intent to withdraw from this case.  They requested an extension to respond to the discovery requests to allow Defendants time to obtain new counsel.  By order of the Court, Defendants were to inform the Court and the parties within 30 days of their new counsel or their intent to proceed *pro se*. Defendants failed to comply with the order.

The deadline for Defendants to respond to the discovery requests was extended to December 5, 2005.  To date, Defendants have failed to respond, or produce a single document responsive, to the discovery requests.  On December 30, 2005, Defendants were served with requests for admissions.  Defendants failed to respond to the requests for admissions.

II.

The Copyright Act provides the owner of a copyright with the exclusive right to reproduce, prepare derivative works from, and/or distribute the copyrighted work.  17 U.S.C. § 106(4).  Any person who violates this exclusive right is an infringer.  17 U.S.C. § 501(a).  In an action for infringement, the copyright owner may seek statutory damages, 17 U.S.C. § 504(c), injunctive relief, 17 U.S.C. § 502, and attorneys' fees and costs, 17 U.S.C. § 505.  To prevail in this action for copyright infringement, Collins must establish "(1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original."  *Stromback v. New Line Cinema*, 384 F.3d 283, 293 (6th Cir. 2004) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).

It is undisputed on this record that Collins has established his ownership of the Work as well as Defendants' copying of original elements of the Work.  Defendants' infringing articles are *identical* to the copyrighted Work.  Therefore, Defendants' copyright infringement is

established as a matter of law.

The Copyright Act sets forth that the Court may grant "final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). Past infringement and substantial likelihood of future infringement may entitle the copyright owner to a permanent injunction. *Pacific and Southern Co., Inc. v. Duncan*, 744 F.2d 1490, 1499 (11th Cir. 1984) (citing 17 U.S.C.A. § 502(a) (1977). Here, Defendants have disregarded Collins' exclusive rights in the Work and ignored this lawsuit. Defendants have failed to answer any discovery and, in doing so, have ignored this Court's orders. Consequently, broad permanent injunctive relief appears both appropriate and necessary.

The Copyright Act entitles Collins to elect to receive an award of statutory damages "in a sum of not less than $750 or more than $30,000" per infringement. 17 U.S.C. § 504(c)(1). Further, "where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the ward of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2). Although Defendants knew the Work was copyrighted, they copied and sold it anyway. Even after Collins warned them to cease such actions, Defendants did not stop. Therefore, the Court concludes that Collins is entitled to an award of $20,000, an amount representing a portion of the annual profit earned by Collins for the Work.

The Copyright Act expressly provides that the "court may also award a reasonable attorney's fee to the prevailing party." 17 U.S.C. § 505. And, the Copyright Act further provides that the Court "in its discretion may allow the recovery of full costs by or against any party . . . ." *Id.* No factors militate against an award of Collins' attorney's fees and costs here.

3

Defendants have intentionally ignored their obligations under the Copyright Act and have forced Collins to engage in litigation to enforce his rights.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion for summary judgment is SUSTAINED against Defendants as follows:

(1) Defendants are permanently enjoined from further acts of infringement;

(2) Collins is awarded judgment for statutory damages in an amount of $20,000, plus interest from this date.

(3) Collins is awarded his costs and attorney's fees.

This is a final and appealable order.

cc: Counsel of Record